This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**YOLANDA MATTISON,**

Petitioner-Appellee,

**v.**                                                                        **No. 36,083**

**JASON MATTISON,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Judge**

Yolanda Mattison
Albuquerque, NM

Pro se Appellee

Arash Kashanian
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Respondent has appealed from an order of protection. We issued a notice of proposed summary disposition in which we proposed to affirm in part and reverse in

part. Respondent has filed no response, and Petitioner has filed a memorandum in partial opposition. After due consideration, we adhere to our initial assessment.

{2}     Because we previously described the pertinent background and applicable principles of law in the notice of proposed summary disposition, we will avoid undue repetition here. Instead, we will focus on the content of Petitioner's response.

{3}     Petitioner does not take issue with our analysis with respect to the first two issues. [MIO 1] However, Petitioner disagrees with our suggestion that the district court erred in upholding the portion of the special hearing officer's decision by which Respondent was ordered to "return" a vehicle to her. [RP 37, 88] We understand Petitioner to contend that insofar as the order did not affect title to the vehicle, and "only changed possession" to the title holder, it should be upheld. [MIO 2] However, as we observed in the notice of proposed summary disposition, the Family Violence Protection Act (FVPA) generally provides that orders of protection may *neither* "affect title to any property" *nor* "transfer, conceal, encumber, or otherwise dispose of" property. NMSA 1978, § 40-13-5(E) (2008). Insofar as the order requires a party to "transfer" property, it runs afoul of this statutory provision.

{4}     In her memorandum in opposition Petitioner further suggests that the portion of the order requiring Respondent to transfer the vehicle to her should be regarded as "injunctive relief" authorized under Section 40-13-5(A)(7). [MIO 1] Petitioner

2

relatedly argues that property exchanges are authorized, with law enforcement present. [MIO 2] However, to the extent that injunctive relief is awarded and exchanges occur pursuant to a FVPA order, the statutory requisites must be satisfied. Because we find no indication in the record that the transfer of the vehicle is "necessary for the protection of a party," as Subsection (A)(7) explicitly requires, we decline the invitation to rely on that provision as a basis for upholding the decision rendered below.

{5}    Finally, we understand Petitioner to contend that protected parties *should* be permitted to obtain court orders pursuant to the FVPA in order to recover personal property. [MIO 2] Be that as it may, we cannot disregard the plain language of the statue. Protected parties remain at liberty to seek relief relative to property issues; the FVPA is simply not the appropriate vehicle.

{6}    Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm in part, reverse in part, and remand for further proceedings consistent herewith.

{7}    **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

3

_____
**LINDA M. VANZI, Chief Judge**


_____
**JONATHAN B. SUTIN, Judge**